JOHN C. SHANNON *v.* MAURICE LANGHORN.

An accommodation acceptor has no right of action against the drawer until the maturity of the bill
and payment by the acceptor.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J.
*Wolfe & Singleton,* for plaintiff and appellant. *J. Van Matre,* for defendant.

SPOFFORD, J. In April, 1853, the defendant, *Langhorn,* master and owner of the steamboat Pawnee, being in need of funds, applied to the plaintiff for assistance.

The result was, that *Shannon,* merely for the accommation of the defendant, accepted his draft for two thousand dollars, payable in ninety days, and at the same time took the defendants acceptance for a like amount, and payable in a like period, which acceptance he still holds.

On the 21st of May following, and about seven weeks before the maturity of both bills, the plaintiff having become suspicious of *Langhorn's* solvency and good faith, sued out a writ of attachment upon an affidavit, that the defendant, a non-resident, was indebted to him in the sum of two thousand dollars, and was about to remove his property out of the State before the debt became due. Under this writ, the steamer Pawnee was attached.

Thereupon the plaintiff filed his petition, detailing the foregoing facts, and asking judgment for the $2000, with interest from demand, to be paid by preference out of the proceeds of the steamer. The defendant having bonded the property, appeared by counsel and took a rule upon plaintiff to show cause why the order of attachment should not be set aside upon various stated grounds, which rule, after a hearing, was made absolute.

After taking this rule, the defendant's counsel excepted to plaintiff's petition, on the ground that the suit was premature, and no right of action had accrued or could accrue, until the draft accepted for defendant's accommodation should mature and be paid by plaintiff, an event which might never happen. Long after the dissolution of the attachment, this exception was tried, and being sustained by the court below, there was judgment dismissing the suit.

The plaintiff appealed, and contends in this court, that the order of attachment should be reinstated, the exception to his petition overruled, and the cause remanded to enable him to show that he has paid his acceptance which fell due the 10th–13th of July, 1853, which it seems he made no attempt to show the court below.

The view we have taken of the case, renders it unnecessary to notice several of the grounds upon which the dissolution of the attachment was asked, or to consider separately the motion to dissolve and the exception.

The material question is, do the pleadings and evidence show that there was a subsisting debt owing by defendant to plaintiff, at the inception of the suit, although payable *in futuro.* If there was no such debt, the suit and the order of attachment must fall together.

It is well settled, that an accommodation acceptor has no right of action against the drawer, until the maturity of the bill, and payment by the acceptor. *Groning* v. *Krumbhaar,* 18 L. 404. *Read* v. *Ware,* 2 An. 478.

The plaintiff seeks to escape the consequences of this rule of law, by saying that his action is grounded not upon an implied contract of indemnity, but upon the defendant's acceptance of an ordinary bill of exchange. We do not so read his petition. He has there furnished us the means of looking through the form into the substance of this transaction. The fraudulent procurement of his own acceptance to *Langhorn's* bill, is the burden of his complaint. True, he mentions, as an incident in the history of their dealings, that "with a view to meet the said draft at its maturity, the said *Langhorn* accepted the draft of the petitioner, for the sum of $2000, of even date with the above mentioned draft, payable ninety days from date thereof;" but this is the only allusion to it in the petition. A copy appears to have been filed with the petition, but it was not made a part thereof. The original parties to this draft, are the litigants before us; by the plaintiffs own showing, it had no consideration but the prior acceptance for the defendant's accommodation ; if he never was called upon to pay that acceptance, or never did pay it, the draft could not be collected as between these parties.

The plaintiff cannot now be permitted to ignore these facts of his own disclosing, in order to reach the vantage ground of an innocent holder for value.

It is therefore ordered and decreed, that the judgment appealed from be affirmed, with costs.